UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON MARTIN | CIVIL ACTION |
| VERSUS | NO. 19-13351 |
| DARREL VANNOY, WARDEN | SECTION: "G"(5) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner, Aaron Martin, is a convicted inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. In August 2012, he was charged in a two-count indictment with second-degree murder and possession of a firearm by a convicted felon.[1] The charges were severed for trial.[2] In August 2014, a jury found him guilty of

---

[1] State Rec., Vol. 1 of 9, Grand Jury Indictment.

[2] The State ultimately entered a *nolle prosequi* as to count two. State Rec., Vol. 2 of 9, Minute Entry, 10/27/14.

second-degree murder.[3] On October 27, 2014, his motion for new trial was denied and he was sentenced to life imprisonment without the benefit of probation, parole or suspension of sentence.[4]

On direct appeal, he raised only one assignment of error regarding sufficiency of the evidence to support the second-degree murder conviction. On October 14, 2015, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence.[5] On November 18, 2016, the Louisiana Supreme Court denied his application for writ of certiorari.[6]

On February 12, 2018, Martin submitted his application for post-conviction relief to the state district court.[7] In that application, he raised the following claims: (1) appellate counsel was ineffective for failing to assert that (a) the trial court erred by admitting

---

[3] State Rec., Vol. 2 of 9, Minute Entry, 8/08/14.

[4] State Rec., Vol. 2 of 9, Minute Entry, 10/27/14.

[5] *State v. Martin*, 2015-KA-77 (La. App. 5 Cir. 10/14/15), 177 So.3d 790; State Rec., Vol. 2 of 9.

[6] *State v. Martin*, 2015-KO-2121 (La. 11/18/16), 210 So.3d 283; State Rec., Vol. 2 of 9.

[7] State Rec., Vol. 2 of 9, Application for Post-Conviction Relief and Memorandum in Support. Martin signed and dated his application on February 12, 2018. The State acknowledges that the state mailbox rule applies to *pro se* filings in the state courts for purposes of this Court's review. Rec. Doc. 12, p. 2 n. 1. *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006)) (Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."). In its procedural recitation, the State gives him the benefit of the doubt and uses Martin's signature dates of the applications as filing dates (Rec. Doc. 12, p. 2 n. 1-3), which the Court likewise adopts herein.

2

testimonial hearsay of a non-testifying witness who identified petitioner as the perpetrator; (b) that the prosecutor elicited inadmissible hearsay statements and identification testimony regarding petitioner's identity as the perpetrator; and (c) that the trial court erred in denying his motion for a mistrial where the prosecutor deliberately elicited prejudicial hearsay testimony; (2) trial counsel was ineffective for failing to object when the prosecutor impermissibly vouched for the credibility of state witnesses during closing argument. On April 23, 2018, the state district court denied his application for post-conviction relief.[8] The record shows the order was served on Martin at the Louisiana State Penitentiary on May 8, 2018. The order was delivered to Martin on May 15, 2018.[9]

Martin did not file a Notice of Intent to Seek Supervisory Writs from the ruling with the state district court in order to obtain a return date for his writ application. On June 1, 2018, he submitted his application for supervisory writs to the Louisiana Fifth Circuit Court of Appeal.[10] On June 15, 2018, the Louisiana Fifth Circuit denied the writ citing Martin's failure to comply with procedural filing requirements.[11] The appellate court found that he failed to comply with Uniform Rules-Courts of Appeal Rule 4-5(C) and attach a copy of the

---

[8] State Rec., Vol. 2 of 9, State District Court Order, 4/23/18.

[9] State Rec., Vol. 2 of 9, LSP Legal Programs Department Correspondence to Clerk of Court, 24th JDC dated May 15, 2018; *see also* Affidavit of Jessica Collie, Corrections Sergeant at LSP.

[10] State Rec., Vol. 9 of 9, Louisiana Fifth Circuit Writ Application 18-KH-302. The application was signed and dated June 1, 2018. It was stamped received by the Legal Programs Department at LSP on June 4, 2018. The application was stamped as scanned and emailed for efiling by LSP that same day, June 4.

[11] State Rec., Vol. 2 of 9, *State v. Martin*, 18-KH-302 (La. App. 5 Cir. June 15, 2018).

3

state district court judgment he was challenging, thus giving the court "nothing to review." The court also denied the writ as untimely because he failed to file his supervisory writ application within 30 days of the April 23, 2018 ruling and did not provide any evidence of a notice of intent, return date, or extension of return date as set forth under Uniform Rules-Courts of Appeal, Rules 4-2, 4-3.[12]  On July 13, 2018, Martin filed his related supervisory

---

[12] Rule 4-2 provides:

The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to opposing parties or opposing counsel of record, notice of such intention; notice simultaneously shall be given to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3.

Rule 4-3 provides:

The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914. In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; an appellate court will not infer a return date from the record.

Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court.

Uniform Rules—Courts of Appeal, Rules 4-2 and 4-3.

4

writ application with the Louisiana Supreme Court.[13]  That writ application was denied without stated reasons on September 17, 2019.[14]

On October 22, 2019, Martin filed his federal application for habeas corpus relief in which he raises the same ineffective-assistance-of-counsel claims asserted on post-conviction review.[15]  The State asserts that the federal application is untimely and that the claims are unexhausted and technically procedurally defaulted because he can no longer raise them in the state courts.[16]  Martin filed a traverse challenging the State's assertion of untimeliness.[17]

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[18]  As for determining finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment

---

[13] State Rec., Vol. 9 of 9, Louisiana Supreme Court Application for Supervisory Writs, No. 2018-KH-1231.

[14] *Martin v. Vannoy*, 2018-KH-01231 (La. 9/17/19), 279 So.3d 381; State Rec., Vol. 2 of 9.

[15] Rec. Doc. 4, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[16] Rec. Doc. 12.

[17] Rec. Doc. 13.

[18] Section 2244(d)(1) includes alternate provisions for other events that can trigger the commencement of the statute of limitations, which do not apply in this case.

5

> became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied Martin's direct-review writ application on November 18, 2016. His state criminal judgment became final, for federal limitations purposes, on February 16, 2017 (*i.e.*, 90 days after the Louisiana Supreme Court's writ denial), when his time limit expired for seeking review in the United States Supreme Court. The AEDPA one-year limitations period therefore commenced on that date and expired on February 16, 2018, unless that deadline was extended through tolling.

*A. Statutory Tolling*

The federal one-year limitations period is subject to statutory tolling for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, a state post-conviction relief application effectively triggers statutory tolling only if

"properly filed" and only while it remains "pending." *Leonard v. Deville*, No. 18-30374, 2020 WL 2507358, at *2 (5th Cir. May 15, 2020).

In order for a state application to be considered "properly filed" for purposes of §2244(d)(2), the delivery and acceptance of the application must be in compliance with the applicable state laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000)). "These rules usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531 U.S. at 8 (footnote omitted).

A properly-filed post-conviction application remains "pending" for purposes of §2244(d)(2) for the duration of the post-conviction proceedings, so long as a petitioner continues to seek review at the higher levels of the state court system in a timely manner. *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769-71 (5th Cir. 2004). However, if he fails to proceed to a higher level of review in a timely fashion, then his application ceases to be "pending" for the purposes of § 2244(d)(2) when his time for seeking such review expires. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). As the United States Fifth Circuit Court of Appeals recently explained with respect to the "pendency" requirement:

> We first observed that a state post-conviction application remains "pending"—thus tolling the one-year period—"during the interval between a state trial court's disposition of the habeas application and the applicant's '*timely* filing of a notice of appeal (or petition for review) in the next court.'" *Grillette*, 372 F.3d at 770 (quoting *Saffold*, 536 U.S. at 219, 122 S.Ct. 2134) (emphasis added). **The negative implication from this rule is plain: *if a prisoner fails to timely seek appellate review of the denial of his post-conviction application, then his application is no longer "pending" and***

7

> ***ceases to have tolling effect for purposes of § 2244(d)(2)***. *See id*. at 771 (explaining that "a state [habeas] application ceases to be pending when the time for appellate review expires") (citing *Saffold*, 536 U.S. at 226, 122 S.Ct. 2134).

*Leonard v. Deville*, 2020 WL 2507358, at *4 (emphasis added).

In the instant case, after the judgment of conviction became final on February 16, 2017, Martin allowed 360 days of the 365-day-period to run before filing an application for state post-conviction relief with the state district court on February 12, 2018. That application, which was properly filed, was denied on April 23, 2018. Pursuant to Rule 4-3 of the Uniform Rules—Courts of Appeal, Martin then had thirty (30) days from the date of the ruling in which to request a return date and file a supervisory writ application with the court of appeal. He did not do so. The one-year limitations period only remained tolled while his properly filed post-conviction application was "pending" before the state district court, which included the 30 days after the ruling (until May 23, 2018) during which time he had the right to file a supervisory writ application with the intermediate appellate court. *See Grillette*, 372 F.3d at 770 (citing *Saffold*, 536 U.S. at 219-20, 122 S.Ct. 2134; *accord*, *Melancon*, 259 F.3d at 406. The clock started to run again on May 24, 2018 when the state post-conviction application ceased to be pending. He did not file another application in the state courts or a federal petition within the five days remaining on the one-year clock, and the remainder of the period expired on May 29, 2018.[19]

---

[19] The State notes and the calendar reflects that Monday, May 28, 2018 was Memorial Day. Fed. R. Civ. P. 6(a)(1)(C) (if the last day of the one-year limitation period falls on a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

8

Neither his subsequent untimely-filed intermediate court writ nor his related supervisory writ application to the Louisiana Supreme Court, filed *after* the federal limitations period had run, had any statutory tolling effect. An application for state post-conviction or other collateral review that is filed after the statutory tolling period would have expired does not trigger statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application not filed until after the statute of limitations expired does not warrant tolling of the limitations period of § 2244(d)(2)). The State thus correctly argues that the federal limitations period expired as of May 29, 2018, and Martin's federal application filed October 22, 2019 was untimely even with the benefit of all statutory tolling to which he was entitled.[20]

B. *Equitable Tolling*

The AEDPA's one-year statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). A petitioner seeking equitable tolling must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005));

---

[20] The Court notes that even if he had managed to toll the federal limitations period during the entire period in which he was seeking post-conviction relief in the state courts, the instant federal application would still be untimely filed. He had only five days remaining in the one-year federal limitations period, once statutory tolling ceased, to file his federal habeas, and he allowed another month to elapse before he did so. He was not entitled to any additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

9

*see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (petitioner bears the burden of proof to establish entitlement to equitable tolling).

In his traverse, Martin arguably claims that equitable tolling applies because he received delayed notification of the district court's order denying post-conviction relief. Although he characterizes his receipt of the district court order as "late," and cites "serious time-constraints,"[21] the record contradicts his allegations. The record shows that the order was served on Martin at his address of record (Louisiana State Penitentiary) *timely* (and well within the 30-day window for seeking supervisory relief) on May 8, 2018.[22] He still had ample time to file a notice of intent with the state district court, request an extension, or to file his writ application. Explaining his failure to do so, Martin argues that he not only lost 15 days, but he also did not receive the assistance of a "formerly trained inmate counsel," and therefore lacked the requisite knowledge of the applicable law, including the requirement of filing a Notice of Intent. While this may have presented difficulties for Martin, it is well-settled that a prisoner's *pro se* status, lack of legal training, and mere ignorance of the law do not constitute rare and exceptional circumstances warranting equitable tolling. *See, e.g.*, *Tate v. Parker*, 439 F. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *accord Gonzales v. Wilkinson*, 269 F. Appx. 481,

---

[21] Rec. Doc. 13, p. 2.

[22] State Rec., Vol. 2 of 9, Copy of order with date-stamp received by West Feliciana Parish Sheriff's Office on May 2, 2018 and received May 8, 2018 by the Legal Programs Department at LSP. *See also* service information by Deputy Sheriff for West Feliciana Parish and Affidavit of Jessica Collie, Corrections Sgt. at LSP, certifying delivery to Martin of the order on May 15, 2018.

10

486 (5th Cir. 2008). Contrary to his assertions, neither his inability to obtain legal assistance nor his mistaken belief that he should be afforded 30 days from his receipt of the order constitute rare or extraordinary circumstances that would suffice to warrant equitable relief. Finally, his contention that the intermediate appellate court should have given him another chance and allowed him to cure the deficiencies rather than denying his writ application due to those deficiencies is irrelevant. Before he even filed the deficient collateral-review writ, the federal clock had expired, and that resulted from his own oversight. Martin has not demonstrated any extraordinary circumstances that would entitle him to equitable tolling of the AEDPA's statute of limitations.[23]

In sum, the instant petition was filed beyond the one-year federal limitations period. Martin has not established any credible basis for statutory or equitable tolling that would make the instant petition timely. Therefore, his federal habeas corpus petition should be dismissed with prejudice as untimely.[24]

## **RECOMMENDATION**

---

[23] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id*. To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Martin does not invoke *McQuiggin*. Nor has he made a colorable showing that he is actually innocent in light of "new evidence."

[24] Given the dispositive finding that the federal petition is untimely, the report does not address the additional consideration of procedural default based on the state-court procedural bar alleged by the State.

For the foregoing reasons, it is **RECOMMENDED** that Martin's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this  22nd  day of  June , 2020.

                                                   MICHAEL B. NORTH
                                     UNITED STATES MAGISTRATE JUDGE

---

[25] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.