## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13351** |
| **DARRELL VANNOY, WARDEN** | **SECTION: "G"(5)** |

## ORDER AND REASONS

In this litigation, Petitioner Aaron Martin ("Petitioner"), a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, challenges the constitutionality of his state conviction and sentence.[1] Before the Court is Petitioner's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b).[2] In the motion, Petitioner argues that this Court erred in denying a Certificate of Appealability when it dismissed this case on December 9, 2020.[3] Considering the motion, the record, and the applicable law, the Court denies the motion.

## I. Background

On October 22, 2019, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.[4] On June 23, 2020, the Magistrate Judge recommended that the petition be dismissed with prejudice as time barred.[5] Pursuant to 28 U.S.C. § 636(b)(1), Petitioner

---

[1] Rec. Docs. 1 and 4.

[2] Rec. Doc. 18. Petitioner incorrectly references the Federal Rules of Criminal Procedure in the motion.

[3] *Id.*

[4] Rec. Docs. 1 and 4.

[5] Rec. Doc. 14 at 1.

had fourteen days to object to the Report and Recommendation.[6] No objections were filed. Accordingly, on December 9, 2020, this Court adopted the Report and Recommendation and dismissed this action with prejudice.[7] Also on December 9, 2020, this Court denied a certificate of appealability, finding that reasonable jurists would not debate the finding that the petition was time barred.[8]

On January 11, 2021, Petitioner filed the instant Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b).[9] The same day, Petitioner filed a notice of appeal.[10] In the instant motion, Petitioner does not challenge the correctness of this Court's Order dismissing his claims as time barred.[11] Instead, Petitioner only argues that this Court erred in denying him a certificate of appealability.[12]

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[6] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428−29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[7] Rec. Docs. 15 and 16.

[8] Rec. Doc. 17.

[9] Rec. Doc. 18. Petitioner incorrectly references the Federal Rules of Criminal Procedure in the motion.

[10] Rec. Doc. 19.

[11] *See* Rec. Doc. 18.

[12] *Id*. at 2–3.

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[13]

"[A] perfected appeal divests the district court of jurisdiction."[14] Federal Rule of Civil Procedure 62.1 sets forth the procedure a district court must follow "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."[15] The district court may:

(1) defer considering the motion;
(2) deny the motion; or
(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.[16]

As the Fifth Circuit has recognized, "an effective notice of appeal strips district courts of jurisdiction to *grant* a Rule 60(b) motion, it does not prevent litigants from filing them in the district court while an appeal is pending."[17] After a notice of appeal is filed, the district court retains jurisdiction to consider and deny a Rule 60(b) motions.[18] If the district court indicates that it will grant the motion, the appellant may "then make a motion in the Court of Appeals for a

---

[13] Fed. R. Civ. P. 60(b).

[14] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (quoting *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995)).

[15] Fed. R. Civ. P. 62.1(a).

[16] *Id.*

[17] *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073–74 (5th Cir. 2010) (emphasis in original).

[18] *Id.* at 1074.

remand of the case in order that the district court may grant such motion."[19] Because Petitioner has filed a notice of appeal, the Court may consider and deny the Rule 60(b) motion, or instead, it may indicate that Petitioner's motion raises a substantial issue or that it intends to grant the motion to allow Petitioner to request a remand.[20]

### III. Analysis

Petitioner argues that Rule 60(b) relief is warranted because this Court erred in denying a Certificate of Appealability.[21] In a habeas corpus proceeding, a petitioner cannot appeal a district court order denying habeas relief without first obtaining a Certificate of Appealability from either the presiding district court judge or a circuit judge.[22] "A COA [Certificate of Appealability] will issue only if the requirements of [28 U.S.C.] § 2253 have been satisfied."[23] Section 2253(c) permits issuance of a COA when "a petitioner has made a 'substantial showing of the denial of a constitutional right.'"[24] "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"[25] When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim

---

[19] *Id*.

[20] *Id*. at 1073–74.

[21] Rec. Doc. 18.

[22] *See* 28 U.S.C. § 2253.

[23] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[24] *Id*. (quoting 28 U.S.C. § 2253(c)).

[25] *McGowen v. Thaler*, 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26] Pursuant to Federal Rule of Appellate Procedure 22(b)(1), "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it."

Petitioner does not present any argument to show that this Court erred in denying a certificate of appealability.[27] The petition was dismissed on procedural grounds because it was time barred.[28] Petitioner has not shown that "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[29] Therefore, Petitioner has not shown that Rule 60(b) relief is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) filed by Petitioner Aaron Martin[30] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this   23rd   day of February, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[26] *Id.* (quoting *Slack*, 529 U.S. at 484).

[27] *See* Rec. Doc. 18.

[28] Rec. Docs. 14, 15, 16.

[29] *McGowen*, 675 F.3d at 498 (quoting *Slack*, 529 U.S. at 484).

[30] Rec. Doc. 18. Petitioner incorrectly references the Federal Rules of Criminal Procedure in the motion.